IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA TILLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 1641 |
| ) | |
| U.S. ENERGY SAVINGS CORP., ) | Judge Blanche M. Manning |
| ) | |
| Defendant. ) | Magistrate Judge Jeffrey Cole |

### DEFENDANT'S MOTION TO DISMISS

Defendant, Indiana Energy Savings Corp. (d/b/a U.S. Energy Savings Corp.) (named herein as U.S. Energy Savings Corp.), by its undersigned attorneys hereby moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Amended Complaint for failure to state of cause of action, for failure to plead with specificity required under Rule 9(b) and to dismiss or stay all claims based on a putative class of Illinois consumers under the *Colorado River* doctrine. In support of this Motion, Defendant submits and incorporates its Memorandum of Law in Support of Defendant's Motion to Dismiss and filed contemporaneously, and also states as follows:

1.   Plaintiff filed this putative class action alleging two causes of action in connection with a contract she entered into with U.S. Energy, to be the supplier of natural gas to her residence in Indiana.

2.   Plaintiff alleges a claim for consumer fraud under the Illinois Consumer Fraud Act and the Indiana Deceptive Consumer Sales Act, as well as a claim for unjust enrichment.

3. Plaintiff fails to state a claim for which relief may be granted under any of these causes of action.

4. Count I fails to state a cause of action because Plaintiff has failed to plead with the specificity required under Rule 9(b). Count II fails under both Indiana and Illinois law because there is a written contract that governs the transactions at issue, which precludes an unjust enrichment claim. In addition, Plaintiff fails to state a cause of action on behalf of a class of Illinois consumers because she is not a member of any such class and has no standing to seek relief under Illinois law. Her contract contains a binding choice of law provision designating Indiana law as governing all disputes and she has no standing under the Illinois Consumer Fraud Act. Finally, even assuming Plaintiff could proceed with a putative class action on behalf of Illinois consumers, this court should dismiss, or alternatively stay, such action under the *Colorado River* doctrine, because the Attorney General of Illinois is already prosecuting an identical claim in state court seeking the same relief on behalf of the same group of consumers.

WHEREFORE, Defendant respectfully requests that this Court enter an order:

1) Dismissing Plaintiff's Amended Complaint with prejudice under Rules 12(b)(6) and 9(b);

2) Dismissing Plaintiff's claims under Illinois law or on behalf of a putative class of Illinois consumers under Rule 12(b)(6); or alternatively

3) Dismissing or staying Plaintiff's class allegations; and

4) Granting such additional relief as the Court deems just.

                                                    Respectfully submitted,
                                                    INDIANA ENERGY SAVINGS CORP.


                                                   By: /s/ Kevin J. Clancy
                                                        One of Its Attorneys

Martin W. McManaman (ARDC #6237665)
Kevin J. Clancy (ARDC #6217109)
Lowis & Gellen
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
312-364-2500

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on May 2, 2008, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing all counsel of record in this case including the following.

| Plaintiff's Counsel | |
|---|---|
| Arthur S. Gold, Esq.<br>GOLD & COULSON<br>11 S. LaSalle St., Suite 2402<br>Chicago, Illinois 60603<br>Fax 312.372.0778<br>asg@gcjustice.com | |

/s/ Kevin J. Clancy