IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA TILLMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08 C 1641 |
| U.S. ENERGY SAVINGS CORP., | ) ) Judge Blanche M. Manning |
| Defendant. | ) ) |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Indiana Energy Savings Corp. (d/b/a U.S. Energy Savings Corp.) (named herein as U.S. Energy Savings Corp.), by its undersigned attorneys, submits the following Reply Brief in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint:

**ARGUMENT**

I. **Plaintiff's Allegations Are Not Adequate Under Rule 9(b) and Her Reference to the Typicality Analysis Under Rule 23 For Class Actions Is Not Enough to Salvage the Allegations.**

Defendant's Motion to Dismiss demonstrated that the allegations in Count I for consumer fraud fail to meet the heightened pleading standard of Rule 9(b). In pages 3-4 of Plaintiff's response, she repeats allegations from the Amended Complaint, but again, those allegations lack the specificity required under Rule 9(b). Plaintiff tries to mask the inadequacy of her pleadings by referring over and over to "uniform" representations, or allegations that unnamed and undefined groups of "customers" "were told" this or that. She does not attempt to allege specifically which customer was told what, by whom, where or when. With regard to Plaintiff herself, she makes only one, vaguely described allegation that her contract "followed a

solicitation" of her "through Exhibit C." (Am. Compl. At ¶ 3). She alleges that Exhibit C is a flyer with a graph that depicts the fixed U.S. Energy gas rate "as if it were less than the utilities' rate over a period of time when it is not." (Am. Compl. ¶ 3). As Defendant showed in the Motion, however, the graph in Exhibit C actually contradicts this allegation and shows that the U.S. Energy rate is sometimes lower and sometimes higher than the utilities' rate. (Am. Compl. Exh. C, pp. 1, 3). The Exhibit "trumps" the contrary allegation in the pleading. *BCWC LLC v. Reading Rock, Inc.*, 2007 WL 2955573, *1 (N.D. Ill., Oct. 10, 2007); *Rowan v. Max Auto Mall, Inc.*, 2002 WL 215524, *3 (N.D. Ill., Feb. 12, 2002).

Plaintiff does not allege with particularity what, if any, other misrepresentations were made to her. Instead, she alleges in broad-brush allegations, what other unidentified customers were told. (Am. Compl. ¶¶ 4-13). But none of those allegations apply to Plaintiff herself. For example, she does not allege that she was "slammed" (unknowingly had her bills increased). She does not allege that she was told she would not see any upcoming price increase. She does not allege that she was told her representative was from Peoples Gas or NICOR or NIPSCO. She does not allege that she was told her representative was from the ICC. She does not allege that she was told that Defendant was part of a government program. She does not allege that she was told she was signing a petition to lower heating bills. Plaintiff cannot pursue a cause of action when she does not even allege that she herself was defrauded.

In her Response, Plaintiff diverts attention from these failings by arguing that an allegation of standard sales scripts or "uniform" representations will serve to "trump a requirement of individual reliance" for class certification purposes, and that individual issues of reliance do not "thwart class actions." (Pl. Resp. at 3). In essence, Plaintiff argues that she is excused from satisfying the particularity requirements of Rule 9(b) because this is a putative

2

class action. There is no authority that allows a party to use a potential or eventual motion for class certification to leap-frog over the very basic and initial requirement of Rule 9(b) that fraud must be pled with particularity. Indeed, as the present case demonstrates, the pleading standard serves to determine at the outset whether Plaintiff's allegations of fraud are sufficient enough to proceed in any fashion whatsoever.

A review of the cases cited by Plaintiff confirms this conclusion and illustrates that her reliance on those cases is misplaced because the present matter is not at the stage of a motion for class certification. For example, the court in *Barkman v. Wabash, Inc.*, 674 F. Supp. 623, 635 (N.D. Ill. 1987), never once addresses Rule 9(b). The issue in that RICO class action case as it pertained to a motion to dismiss was related to the statute of limitations and whether the plaintiffs adequately alleged a pattern of racketeering. The section of the opinion on which plaintiff relies is a discussion on the motion for class certification, in which the court held that individual issues of reliance do not thwart class certification. The court was not asked to decide, and did not decide, whether the allegations were sufficiently specific under Rule 9(b). It is improper for Plaintiff here to import that irrelevant class action analysis as a means to skip over the initial requirement under Rule 9(b) just because it may have been assumed or ignored in that particular case.

Similarly, neither of New Jersey cases that Plaintiff cites involved a motion to dismiss; rather, both involved a motion for class certification, much further down the road in the litigation. *In re Prudential Ins. Co. of America Sales Practices Lit.*, 962 F. Supp. 450 (D. N.J. 1997) (granting motion for class certification); and *In re Prudential Ins. Co. of America Sales Practices Lit.*, 148 F.3d 283 (3rd Cir. 1998) (affirming class certification). Plaintiff here cannot

get to the position of ultimately moving for class certification unless she can first set forth sufficiently particularized allegations of fraud as to her. That she has not done.

Plaintiff cites to *Heastie v. Community Bank of Greater Peoria*, 690 F. Supp. 716, 722 (N.D. Ill. 1988), for the proposition that her allegations of a fraudulent scheme are sufficient to satisfy the particularity requirement of Rule 9(b). In *Heastie*, however, the plaintiff did allege what specific misrepresentations were made to her (that defendant FAMCO would be the lender under her home loan when in fact another entity was the real lender). *Id.* at 717. Similarly, in *Gros v. Midland Credit Mgmt.*, 525 F. Supp. 2d 1019, 1029 (N.D. Ill. 2007), the plaintiff alleged specifically that Ford Motor Company made a false statement (that plaintiff was indebted to Ford in a specific amount) to Midland Credit Management, and when that misrepresentation was made. Finally, in *Barr v. Safeco Ins. Co of America*, 583 F. Supp. 248, 257 (N.D. Ill. 1984), the plaintiff specifically alleged that Safeco made a false statement to plaintiff's employee that Safeco would fairly and fully investigate claims.

Finally, Plaintiff again tries to evade the requirement to plead with specificity by arguing that the Illinois Consumer Fraud Act does not require actual reliance. (Pl. Resp. at 5). That argument was addressed and expressly rejected by the Illinois Supreme Court. Since 2002, Illinois has held that a claim under the Illinois Consumer Fraud Act requires the plaintiff to prove that she was in some manner deceived. *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 155, 776 N.E.2d 151, 164 (Ill. 2002). In 2005, the Illinois Supreme Court made it unequivocal that "it is not possible for a plaintiff to establish proximate causation [under the ICFA] unless the plaintiff can show that he or she was, 'in some manner, deceived' by the misrepresentation." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 200, 835 N.E.2d 810, 861 (Ill. 2005). As a result, Plaintiff cannot use "deception in the air" as a basis for bringing an action under the

Illinois Consumer Fraud Act and certainly cannot use that to bypass the requirement that she plead fraudulent misrepresentations with particularity. Because Plaintiff was not one of the people who saw or heard anything allegedly misleading, she cannot bring this claim.

## II. Plaintiff Cannot State a Claim for Unjust Enrichment Because a Written Contract Governs the Relationship Between the Parties.

### A. Indiana Law Is Unequivocal That Plaintiff Has No Claim for Unjust Enrichment.

Plaintiff's claim on behalf of herself and the putative class of Indiana residents arises under Indiana law. As shown in the motion to dismiss, in Indiana, unjust enrichment "does not operate when there is a governing contract, either express (evidenced by spoken or written words) or implied (evidenced by the conduct of the parties)." *Schafer v. Jeld Wen Doors/IWP Custom Door Div.*, 2007 WL 3407659, *6 (N.D. Ind., Nov. 9, 2007) (barring a claim for unjust enrichment due to existence of a contract even if the plaintiff alleged a tort claim for fraud). In her response (pp. 9-10), Plaintiff argues that there is an exception to this rule if the claim sounds in tort. *Blue Frog Mobile NV Inc. v. Navicomm LLC*, 2007 WL 3334793 (S.D. Ind., Nov. 8, 2007). However, the only reason that the court in *Blue Frog* allowed an unjust enrichment claim to proceed despite the existence of a written contract was because the plaintiff did not have a contract with the individual defendant. *Id.* at *2. That is not the situation here, as there is a written contract between Plaintiff and the alleged wrongdoer, U.S. Energy.

### B. Plaintiff's Unjust Enrichment Claim Is Not Actionable Under Illinois Law.

Likewise, even assuming there ever is a named plaintiff who can represent a class of Illinois residents, an unjust enrichment claim will not lie. The cases on which Plaintiff relies do not alter this conclusion. To the extent that Plaintiff's unjust enrichment claim is based on the tort of fraudulent misrepresentation, it must fail because Plaintiff has failed to plead that tort with

adequate particularity. *Pace American, Inc. v. Elixir Indus.*, 2007 WL 495302, *2 (N.D. Ill., Feb. 13, 2007) (unjust enrichment claim based on allegations of fraud fails if the plaintiff fails to allege fraud with the particularity required under Rule 9(b)). In this case, there is no allegation that relates directly to any Illinois customer; therefore, it is particularly clear that Plaintiff has failed to allege fraud with specificity as to anyone who could potentially recover under Illinois law.

Moreover, the Plaintiff's argument that Illinois allows unjust enrichment claims sounding in tort notwithstanding the existence of a contract is far from an absolute rule. If the unjust enrichment claim, even when sounding in torts such as fraud, incorporates allegations of an existing contract between the parties, the claim is subject to dismissal. *See Thorogood v. Sears, Roebuck and Co.*, 2006 WL 3302640, *5 (N.D. Ill., Nov. 9, 2006) (applying Illinois law); and *Guinn v. Hoskins Chevrolet*, 836 N.E. 2d 681, 704-705 (1st Dist. 2005). In *Guinn*, the court held as follows:

> Although the contract is not specifically referenced in [plaintiff's] unjust enrichment count, she incorporates the allegations of each other count into the unjust enrichment count. Moreover, [she] attached to her complaint the retail installment contract. Accordingly, dismissal of this count is appropriate.

Here, Plaintiff not only alleges the existence of a written contract, and incorporates that allegation into the unjust enrichment claim, just as in *Guinn*, she also attaches a copy of the contract to the Amended Complaint. (Am. Compl. ¶¶ 3, 37 and Exh. A). As a result, her claim relies on allegations of a written contract and must be dismissed. In addition, when the essence of the claim is that the defendant failed to live up to its bargain, the claim for unjust enrichment fails. *Team Impressions, Inc. v. Chromas Tech. Canada, Inc.*, 2003 WL 355647, *4 (N.D. Ill., Feb 18, 2003) (applying Illinois law). Here, the only thing that Plaintiff arguably alleges is that Defendant promised savings and then failed to deliver them. (*See* Am. Compl., ¶¶38-39). As a

result, Plaintiff is limited to a claim for breach of contract, if anything, with the contractual limitations attendant to that claim. Therefore, her unjust enrichment claim fails under Illinois law.

### III. It Is Proper for the Court to Address Standing Issues Now Because the Illinois Supreme Court Has Clearly Rejected The Ability of Non-Residents to Pursue Claims Under the Illinois Consumer Fraud Act Under These Circumstances.

Plaintiff argues that it is premature to address her lack of standing to pursue a claim under the Illinois Consumer Fraud Act until after the Court addresses class certification. (Pl. Resp. at 10-11). The cases which Plaintiff cites stand only for the proposition that "[i]n certain circumstances, a court may determine class certification before standing where class certification issues are 'logically antecedent' to Article III concerns and themselves pertain to statutory standing.'" *Kuhl v. Guitar Ctr. Stores, Inc.*, 2008 WL 656049, *1 (N.D. Ill., Mar. 5, 2008) (citing *Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002)). Such a sequence is inappropriate in the present case because the issue of class certification is not logically antecedent to the issue of standing.

On the contrary, Plaintiff is a non-Illinois resident who purports to state a claim for relief under the Illinois Consumer Fraud Act. With regard to that particular statute, the Illinois Supreme Court has set forth a very explicit rule that a non-Illinois resident may not maintain a claim under the ICFA unless "the disputed transaction occur primarily and substantially in Illinois." *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill.2d 100, 186-87, 835 N.E.2d 801, 853-54 (Ill. 2005); *In re Sears, Roebuck & Co. Tools Mktg. and Sales Prac. Lit.*, 2005 WL 3077606, *1-2 (N.D. Ill., Nov. 14, 2005) ("Sears I"). The factors a court should consider in making this determination are:

7

> i) plaintiff's residence, (ii) where the deception occurred, *i.e.,* where the actual misrepresentation was made, (iii) where the damage to plaintiff occurred, and (iv) whether plaintiff communicated with defendant or its agents in Illinois.

*Avery*, 835 N.E.2d at 854; *Sears I*, 2005 WL 3077606 at *2.

Here, Plaintiff does not dispute (and cannot dispute) that she fails to satisfy a single factor of the test. She resides in Indiana, the alleged deception occurred in Indiana, the alleged misrepresentations occurred in Indiana, any alleged damage could only have occurred in Indiana and there is no allegation that Plaintiff communicated with Defendant in Illinois. Therefore, Plaintiff will never have standing to assert a claim under the ICFA.

Accordingly, this Court need not await a motion for class certification, after months of costly discovery and costly briefing, to resolve the issue of standing under the ICFA. Even accepting all of Plaintiff's allegations as true, there is no class certification issue that can change the circumstances of her transaction. In other words, regardless of what happens on class certification, Plaintiff will not be and cannot be a member of any class seeking relief under the ICFA. This issue of standing is, therefore, actually antecedent to the class certification issues, not the other way around. Because Plaintiff will never have standing to raise this claim, she will not be a member of any putative class under the ICFA. *See Cohen v. Ameritech Corp.*, 2003 WL 23312801, *7 (N.D. Ill., Dec. 23, 2003) ("An individual bringing an action on behalf of a class must be a member of the class."). There is no named plaintiff who can even take this issue to a motion for certification as a potential representative of an Illinois class. *Kifer v. Ellsworth*, 346 F.3d 1155, 1156 (7th Cir. 2003) ("[A] class action suit cannot proceed in the absence of a class representative"). Therefore, this Court should dismiss the class allegations for the proposed IFCA claim.

IV.     **All Claims on behalf of Illinois Consumers Should Be Dismissed or Stayed Based on the *Colorado River* Doctrine.**

In response to the motion to dismiss or stay based on *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976), Plaintiff argues primarily that such dismissal or stay is not proper because the "Indiana Attorney General is not pursuing a similar action against Defendant"; "No claims of Indiana citizens will be decided by the Illinois State court"; "Illinois has assumed no jurisdiction over Indiana citizens or property"; and "an Illinois court would be less equipped to hear intertwined issues related to Indiana law." (Pl. Resp. at 11-13). Nearly all of Plaintiff's argument focuses on the lack of remedy in the Illinois Attorney General action for Indiana residents. This argument misapprehends the scope of Defendant's motion.

Defendant did not move to dismiss or stay any portion of the Indiana claims based on *Colorado River*. Those claims should be dismissed for other reasons already mentioned. Rather, the motion in this respect relates only to dismissal or stay of Illinois claims and claims on behalf of Illinois residents, all of whom the Illinois Attorney General currently represents and is protecting in Illinois State court. There can be no doubt that the Illinois Attorney General, with a large staff and significant budget is better equipped to protect Illinois consumers than a named Plaintiff from Indiana who undoubtedly (now or later) lacks standing to advance a consumer fraud claim for Illinois residents.

Plaintiff argues that a federal claim would avoid piecemeal litigation and is therefore more convenient. (Pl. Resp. at 13). This is simply untrue. Plaintiff overlooks the fact that in order to proceed as a class of Illinois consumers in the federal forum, Plaintiff will have to meet the onerous requirements of Rule 23 and certify a class, whereas the Attorney General does not face any such hurdle. Also, even if this case were to proceed, it is not going to stop the Attorney General from proceeding with her claim. So there will necessarily be duplicative litigation for

Illinois residents if this case proceeds. There will be two parallel suits with discovery and trial of the same factual issues, which could easily result in inconsistent findings. That alone is sufficient reason to abstain. *Ingalls*, 2008 WL 896196 at *2.

For these reasons, and the other reasons set forth in the Motion to Dismiss, this Court should dismiss or stay the claims as to Illinois residents.

WHEREFORE, Defendant respectfully requests that this Court enter an order:

1) Dismissing Plaintiff's Amended Complaint with prejudice under Rules 12(b)(6) and 9(b);

2) Dismissing Plaintiff's claims under Illinois law or on behalf of a putative class of Illinois consumers under Rule 12(b)(6); or alternatively

3) Dismissing or staying Plaintiff's claims with respect to a putative class of Illinois consumers under the *Colorado River* doctrine; and

4) Granting such additional relief as the Court deems just.

Respectfully submitted,
INDIANA ENERGY SAVINGS CORP.


By: /s/ Kevin J. Clancy
    One of Its Attorneys


Martin W. McManaman (ARDC #6237665)
Kevin J. Clancy (ARDC #6217109)
Lowis & Gellen
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
312-364-2500

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on June 24, 2008, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case including the following.

| Plaintiff's Counsel | |
|---|---|
| Arthur S. Gold, Esq.<br>GOLD & COULSON<br>11 S. LaSalle St., Suite 2402<br>Chicago, Illinois 60603<br>Fax 312.372.0778<br>asg@gcjustice.com | |

/s/ Kevin J. Clancy