IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA TILLMAN,       ) | | |
|     Plaintiff,       ) | | |
|            ) | | |
|     v.       ) | | 08 C 1641 |
|            ) | | |
| U.S. ENERGY SAVINGS CORP.,       ) | | |
|     Defendant.       ) | | |

**MEMORANDUM AND ORDER**

Plaintiff Pamela Tillman, on behalf of herself and a putative class, contends that defendant U.S. Energy Savings defrauded her and unjustly enriched itself in violation of Indiana and Illinois law by convincing her to enter into a five-year fixed rate contract to provide gas to her home in Indiana. U.S. Energy Savings has moved to dismiss Ms. Tillman's complaint, contending that it fails to allege fraud with the necessary degree of specificity and that Ms. Tillman's extracontractual claim of unjust enrichment fails as a matter of law because she signed a contract with U.S. Energy Savings. For the following reasons, Ms. Tillman's claims on behalf of a putative class of consumers seeking relief under the Illinois Consumer Fraud Act are dismissed as she lacks standing to pursue these claims, her fraud claim is dismissed without prejudice due to lack of specificity, and her unjust enrichment claim is dismissed with prejudice as it fails to state a claim for which relief may be granted.

**Background**

Ms. Tillman is a resident and citizen of Indiana. On August 17, 2007, she entered into a five-year contract with Indiana Energy Savings, which does business under the name U.S. Energy Savings, to supply natural gas to her home at a fixed price per therm, as opposed to a variable rate. Ms. Tillman alleges that she switched to a fixed rate plan because she was told she would

save money compared with her prior provider, Northern Indiana Public Service Company ("NIPSCO"). Specifically, according to Ms. Tillman, U.S. Energy Savings showed her a chart which caused her to believe that U.S. Energy Saving's fixed rate plan was less than NIPSCO's rate over time. Ms. Tillman, however, ended up paying substantially more under the fixed rate plan than she had under her variable rate with her prior provider.[1]

The complaint's attachments include Ms. Tillman's contract with U.S. Energy Savings. The contract provides, among other things, that "[t]he Agreement is the entire agreement between the parties. No handwritten alterations to these terms and conditions or the Price are valid or binding. Customer agrees that Customer did not reply on any oral representations or any marketing material other than such as are also reflected in writing herein." Complaint at Ex. A, p.2. It further provides that "[t]he Agreement and any renewal or amendment hereof shall be determined in accordance with the laws of the State of Indiana." *Id.* at Ex. A, p.2A.

Dissatisfied with her gas prices and the fact that she was locked into a five-year contract with U.S. Energy Savings unless she paid a hefty cancellation fee, Ms. Tillman filed a two-count complaint based on the Class Action Fairness Act and Rule 23, contending that the amount in

---

[1] The complaint also contains numerous allegations about incorrect statements made by unspecified people to unspecified customers at unspecified times, including claims that the customers were told that: (1) they would save money and be protected against increases in gas prices by switching to U.S. Energy Savings; (2) the U.S. Energy Savings sales representatives actually worked for People's Gas or Nicor; and (3) the Illinois Commerce Commission sent out the U.S. Energy Savings sales representatives. In addition, the complaint alleges that unspecified customers were not told by unspecified people that the contracts with U.S. Energy Savings were for five years and could only be terminated early if the customers paid a sizable termination fee. The complaint also alleges that unspecified people convinced unspecified customers at unspecified times that the U.S. Energy Savings gas was a good deal by comparing the natural gas to the rising prices of gasoline. Finally, the complaint alleges that U.S. Energy Savings trains its salespeople to tell customers that their gas prices will not rise over time.

controversy for all members of the putative class exceeds $5,000,000.  In Count I, she contends that U.S. Energy Savings violated Indiana and Illinois' consumer fraud statutes, and in Count II, she asserts that U.S. Energy Savings has been unjustly enriched.

### Choice of Law

Choice of law came immediately to mind when the court reviewed the pleadings in this case.  The parties discuss the applicability of both Indiana and Illinois law and do not opine on the law applicable to Ms. Tillman's extracontractual claims.  Choice of law is normally a threshold issue decided at the inception of a case.  Nevertheless, as discussed below, the relevant Illinois and Indiana law is similar, so in the interests of expediency, the court will consider the issues currently briefed by the parties.  The court trusts that the parties will address this issue (as well as the propriety of venue in Illinois) in future filings.

### Standing

Ms. Tillman's standing to raise claims based on an Illinois statute is questionable as she is an Indiana citizen who never had any dealings with U.S. Energy Savings in Illinois.  Ms. Tillman asserts that consideration of this issue is premature because it is possible that the court could certify a class containing Illinois citizens, despite the existence of another suit pending in Illinois which arguably addresses such a claim.  *See People v. Illinois Energy Savings Corp.*, No. 08 CH 4913, Circuit Court of Cook County.

A court may defer consideration of Article III standing until after it rules on a motion to certify a class where "class certification issues are . . . logically antecedent to Article III concerns, and themselves pertain to statutory standing." *Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002), *quoting Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) (in an asbestos class

action, the determination of whether the named plaintiffs had standing to bring claims on behalf of exposure-only class members should come after the issue of class certification had been determined). Here, however, it is clear that Ms. Tillman could never be a class representative of a class consisting of Illinois citizens, as the Illinois Supreme Court has held that "a plaintiff may pursue a private cause of action under the Consumer Fraud Act if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 187 (Ill. 2005).

Ms. Tillman is an Indiana citizen whose dealings with U.S. Energy Savings occurred exclusively in Indiana. This means that according to the Illinois Supreme Court, she could never assert a claim under the Illinois Consumer Fraud Act. Ms. Tillman has thus failed to convince the court that there is a colorable basis for her claim that she could serve as a class representative for Illinois citizens raising claims under the Illinois Consumer Fraud Act. Because the class certification issues vis-a-vis standing in this case are clear, they are not logically antecedent to Article III concerns and the court may consider Article III standing prior to class certification.

Accordingly, because Ms. Tillman could never be a member of a class raising claims under the Illinois Consumer Fraud Act, she cannot pursue these claims. Her request for relief under the Illinois Consumer Fraud Act is thus stricken due to her lack of standing. The court reserves the right to revisit this decision as warranted if other class representatives are added to this case.

### **Fraud**

Because a class has not been certified, the court must consider whether Ms. Tillman's complaint states a colorable claim of relief owed to her based on specific events that happened to

her.  Thus, the court will not consider the numerous allegations in the complaint which do not relate to Ms. Tillman personally.  Ms. Tillman contends that U.S. Energy Savings violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq.*, and the Indiana Deceptive Consumer Sales Act, Ind. Code 24-5-0.5-1, by inducing her to enter into a contract for natural gas at a fixed rate.[2]  As discussed above, Ms. Tillman lacks standing to seek relief under the Illinois Consumer Fraud Act.  The court thus turns to Indiana's similar statute.

With respect to Indiana law, Ms. Tillman appears to be asserting that U.S. Energy Savings is liable for a "scheme, artifice, or device with intent to defraud or mislead."  Ind. Code 24-5-0.5-2.[3]  The parties agree that a fraud claim – regardless of which state's statute is at issue – must be pleaded with specificity.  This is correct:  Rule 9(b) requires the "who, what, when, where, and how" of the circumstances of the fraud or mistake.  *Strohmaier v. Yemm Chevrolet*, 211 F. Supp. 2d 1036, 1044 (N.D. Ill. 2001); Fed. R. Civ. P. 9(b) ("in all averments of fraud or mistake, the circumstances constituting fraud or mistakes should be stated with particularity").  Thus, it is well-established that a plaintiff alleging fraud must plead "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the

---

[2] The contract contains a choice of law provision specifying that Indiana law will apply. *See* Complaint at Ex. A, p.2A.  However, it limits the application of Indiana law to questions of contract interpretation.  *See id*. ("[t]he Agreement and any renewal or amendment hereof shall be determined in accordance with the laws of the State of Indiana").  Thus, the choice of law provision does not necessarily foreclose reliance on another state's laws for extracontractual claims.

[3] In the interests of completeness, the court notes that Illinois' statute is similar.  To prevail on her claim based on Illinois' consumer fraud statute, Ms. Tillman "must establish that: (1) the defendant undertook a deceptive act or practice; (2) the defendant intended that the plaintiff rely on the deception; (3) the deception occurred in the course of trade and commerce; (4) actual damage to the plaintiff occurred; and (5) the damage complained of was proximately caused by the deception."  *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005).

method by which the misrepresentation was communicated to the plaintiff." *Bankers Trust Co. v. Old World Republic Ins. Co.,* 959 F. 2d 677, 683 (7th Cir. 1990).

Ms. Tillman's complaint largely consists of general statements about what other unspecified people were purportedly told, at unspecified times, at unspecified places, by unspecified people. This is not enough to support a fraud claim brought by Ms. Tillman. Similarly, Ms. Tillman's argument that she need not plead reliance because U.S. Energy Savings' employees used a script when speaking to her does not transform her general allegations into specific ones. Reliance is not part of the "who, what, when, where, and how" of the alleged fraud.

Essentially, Ms. Tillman is attempting to proceed with a fraud claim that is supported by conclusory claims about what may have happened to other, unnamed people. At this point in the proceedings, however, she is the only plaintiff and to survive a motion to dismiss and proceed forward, she must plead fraud with respect to herself and with specificity. Accordingly, U.S. Energy Savings' motion to dismiss Ms. Tillman's fraud claims for lack of specificity is granted.

## **Unjust Enrichment**

U.S. Energy Savings asserts that Ms. Tillman's unjust enrichment claim fails as a matter of law because the parties entered into a contract governing the transactions at issue. Under both Illinois and Indiana law, "when the rights of parties are controlled by an express contract, recovery cannot be based on a theory implied in law." *SMC Corp. v. PeopleSoft USA, Inc.*, No. 1:00-CV-01095-LJM-VS, 2004 WL 2538641 at *3 (S.D. Ind. Oct. 12, 2004); *see also Prima Tek II, L.L.C. v. Klerk's Plastic Industries, B.V.*, 525 F.3d 533, 541 (7th Cir. 2008) ("Illinois law is

again clear: damages for unjust enrichment are not awardable when, as here, there is a contract between the parties on the subject in dispute").

Ms. Tillman contends that her unjust enrichment claim is based on fraud, as opposed to contract or quasi-contract. However, she has not attempted to plead a state law claim of fraud: she has sought damages for unjust enrichment, which is a quasi-contract theory. *See Prudential Ins. Co. of America v. Clark Consulting, Inc.*, 548 F.Supp. 2d 619, 622 (N.D. Ill. 2008) (under Illinois law, "[u]njust enrichment is a 'quasi-contract' theory that permits courts to imply the existence of a contract where none exists in order to prevent unjust results"); *Blue Frog Mobile NV Inc. v. Navicomm LLC*, No. 1:06-CV-1215-JDT-TAB, 2007 WL 3334793, at *2 (S.D. Ind. Nov. 8, 2007) (under Indiana law, "the existence of an express contract precludes application of quantum meruit because a contract provides a remedy at law" so a plaintiff who did not enter into a contract with the defendant could pursue an unjust enrichment claim).

Ms. Tillman attached the contract she signed with U.S. Energy Savings to her complaint, and the heart of the complaint is that Ms. Tillman was allegedly defrauded when she agreed to sign the contract at issue. Moreover, Ms. Tillman contends that she was damaged by the fixed prices for gas listed in the contract. She thus appears to be attempting to avoid the contract because she now believes it is unfair. Ms. Tillman's complaint, as it is currently worded, thus sounds in contract or quasi-contract and, in any event, she has clearly entered into a contract with U.S. Energy Savings. She thus cannot pursue an unjust enrichment claim. Accordingly, Count II is dismissed with prejudice.

**Conclusion**

U.S. Energy Saving's motion to dismiss [#13] is granted in part and denied in part. Specifically, Ms. Tillman's claims on behalf of a putative class of consumers seeking relief under the Illinois Consumer Fraud Act are dismissed without prejudice as she lacks standing to pursue these claims, her fraud claim based on the Indiana Deceptive Consumer Sales Act is dismissed without prejudice due to lack of specificity, and her unjust enrichment claim is dismissed with prejudice as it fails to state a claim for which relief may be granted.  In light of these rulings, the court will not reach U.S. Energy Saving's request that this court stay proceedings seeking relief under the Illinois Consumer Fraud Act under the *Colorado River* abstention doctrine.  Ms. Tillman may, consistent with this order and counsel's Rule 11 obligations, file an amended complaint by August 11, 2008.

DATE:   July 14, 2008

                                                                     */s/ Blanche M. Manning*
Blanche M. Manning
United States District Judge