IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA TILLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 1641 |
| ) | |
| INDIANA ENERGY SAVINGS CORP., ) | |
| d/b/a U.S. ENERGY SAVINGS CORP., ) | Judge Blanche M. Manning |
| ) | |
| Defendant. ) | **Jury Demanded** |

### ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Indiana Energy Savings Corp. (d/b/a U.S. Energy Savings Corp.) (incorrectly named herein as U.S. Energy Savings Corp.) ("IESC"), by its undersigned attorneys, submits the following Answer to Plaintiff's Second Amended Complaint.

### NATURE OF CASE

1. This is a consumer class action based on deceptive practices relating to the marketing and sale of U.S. Energy's Fixed Price Program ("FIXED PRICE") to Indiana customers. Plaintiff brings this action for violations of the Indiana Deceptive Consumer Sales Act, 24-5-0.5-1.

**ANSWER:** IESC admits that Plaintiff purports to bring this action for alleged violations of the Indiana Deceptive Consumer Sales Act, 24-5-0.5-1 but denies that any cause of action or remedy is proper under that statute, and denies the remaining allegations of this Paragraph.

2. Specifically, the FIXED PRICE program offered by U.S. Energy claims it protects customers against the fluctuating price of gas for residential use. U.S. Energy is an alternative supplier of gas and is not a regulated utility. That means that it is able to charge a consumer whatever it wishes for the supply of gas. A regulated utility, such as Peoples Gas, purchases gas for customers and passes it through at the price it pays suppliers without markup. Utilities only profit from delivery fees.

**ANSWER:** IESC admits that the fixed price programs it offers protect customers against the fluctuating price of natural gas for residential use. IESC admits that it is an alternative supplier of natural gas and that it is not a regulated utility. IESC denies the allegations in the third sentence of this Paragraph. IESC lacks sufficient knowledge to form a belief as to the truth of the allegations in the fourth and fifth sentences of this Paragraph and therefore denies the same. Peoples Gas is a utility that supplies gas to consumers in Chicago, Illinois and therefore is unrelated to this action. IESC denies the remaining allegations of this Paragraph.

3. U.S Energy falsely, deceptively, and knowingly markets and sells U.S. Energy customers its FIXED PRICE program and uniformly states to consumers, including Pamela, in writing, that its FIXED PRICE program has saved consumers over the years substantial sums of money. Consumers' use of gas is measured in "therms." U.S. Energy sells gas at a price per therm. For example, Pamela signed a five year contract with U.S. Energy on August 17, 2007 at a fixed price of $1.14 per therm (Exhibit A attached) when the utility, NIPSCO, was charging her an average of $0.72 per therm! (See Exhibit B attached). Exhibit C accompanied a solicitation of Pamela, at her home, by U.S. Energy sales representative Ashley Reynolds (Agent #275353), on August 17, 2007. Ms. Reynolds showed Pamela the flyer, containing a graph depicting a "stable rate" straight line of U.S. Energy's gas price as if it were less than the utilities' rate over a period of time, when it is not. At the time of initial filing of this lawsuit, U.S. Energy also depicted the "stable rate" straight line on its website (Exhibit D attached). They have since removed the graph during the course of this litigation. The fact: U.S. Energy gouges those consumers most vulnerable in the present day high cost of home heating.

**ANSWER:** IESC denies the allgations in the first sentence of this Paragraph. IESC admits that consumers' use of natural gas in some states is measured in "therms" and that IESC sells natural gas at a price per therm. IESC admits that Plaintiff signed a five-year contract with IESC on or about August 17, 2007, at a price of $1.14 per therm. IESC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the fourth sentence and the allegations in the fifth sentence of this Paragraph and therefore denies the same. IESC lacks sufficient knowledge or

2

information to form a belief as to the truth of the allegations that Ashley Reynolds showed the Plaintiff the flyer attached as Exhibit C and therefore denies the same. IESC denies the remaining allegations in the sixth sentence of this Paragraph. IESC denies the allegations in the seventh sentence of this Paragraph as the document attached as Exhibit D to the Second Amended Complaint is a portion of a Canadian website referring to a British Columbia limited partnership. IESC admits that the British Columbia limited partnership has modified its website at various times, but no changes are related to this litigation and a brochure similar or identical to Exhibit D remains on the website of the British Columbia entity. IESC denies the remaining allegations of this Paragraph.

4. U.S. Energy customers, including Pamela, have been slammed (unknowingly having their gas bills increased), or not told they were being switched from their current provider to U.S. Energy by U.S. Energy sales representatives. Sales representative Reynolds told Pamela that "NIPSCO sent them out" when in fact Ms. Reynolds worked for U.S. Energy.

**ANSWER:** IESC denies the allegations in this Paragraph. IESC states that Plaintiff signed and initialed a contract in which she acknowledged that the contractor identified herself as representing IESC, an energy retailer, and acknowledged that she was aware that IESC would thereafter be the supplier of natural gas to her residence at the rate indicated in the contract. In addition, IESC states that the Plaintiff performed a recorded verification call wherein contract information (including rate and IESC's identity) was reiterated.

5. Customers, including Pamela, have been told that they would save money by switching to U.S. Energy only to see their bills increase dramatically. Pamela was told by Ms. Reynolds that her rates would be cheaper than NIPSCO's, and that she would save money. Pamela did not save money; she ended up paying far more when U.S. Energy enforced the agreement.

**ANSWER:** IESC denies that customers, including Plaintiff, have been told that they would save money by switching to U.S. Energy only to see their bills increase dramatically. IESC denies that Plaintiff was told by Ms. Reynolds that her rates would be cheaper than NIPSCO's, and that she would save money. In fact, the Plaintiff was specifically told by recorded telephone call that there was no promise of savings. IESC denies the allegations in the last sentence of this Paragraph and states that it is premature to determine whether Plaintiff would have saved money over the course of the contract because it was terminated early; however, Plaintiff would have saved money in June – August 2008 compared to the NIPSCO rates for those periods and it remains to be seen whether she would have continued to save money in the subsequent months. IESC also states that whereas the price per therm of the Plaintiff's contract with IESC was a fixed price, the NIPSCO price per therm in August 2008 is 137% higher than the NIPSCO price per therm in August 2007.

6. Customers like Pamela have been told by U.S. Energy sales representatives that if they signed up they would not see any upcoming price increases in their cost of gas, when in fact the utilities' commodity rate cannot be predicted and the regulated utility price at the time of the sale has been significantly below the price offered by U.S. Energy (Exhibit B attached). Additionally, U.S. Energy told customers, including Pamela, that if they signed with U.S. Energy their rates would not be increased, when in fact the delivery rate increase recently approved for Peoples Gas is paid by all residential customers, regardless of their commodity supplier.

**ANSWER:** IESC denies the allegations of this Paragraph.

7. Customers have been told by U.S. Energy representatives that they represented Peoples Gas or Nicor Gas when in fact they did not. Ms. Reynolds told Pamela that "NIPSCO sent them out" when in fact U.S. Energy sent her out to Pamela's house.

**ANSWER:** IESC denies the allegations of this Paragraph.

8. Customers were not told that U.S. Energy contracts were for five years and that to terminate the contract before the end date, the customer would have to pay a sizeable termination fee ranging from several hundred dollars to several thousand dollars. Pamela was told by Ms. Reynolds that it was a two-year program, when in fact she had to sign a five-year contract. She was later told that it would cost her $600 to cancel her contract.

**ANSWER:** IESC denies the allegations of this Paragraph.

9. U.S. Energy representatives also misleadingly have compared the cost of natural gas to gasoline to have customers agree to switch. Ms. Reynolds told Pamela that natural gas prices were going to be $3 per therm in the future, just as gasoline prices were $3 per gallon. This deception made U. S. Energy's inflated $1.14 per therm price sound like a bargain.

**ANSWER:** IESC denies the allegations of this Paragraph.

10. On information and belief, U.S. Energy charges termination fees in excess of a reasonable calculation of liquidated damages to cancel the contract, which unlawfully penalizes customers.

**ANSWER:** IESC denies the allegations of this Paragraph.

11. As to Pamela, after signing Exhibit A, she was supplied gas in her home from U.S. Energy only to discover that her heating bills were 62% higher in the months of January and February 2008 alone, in terms of the gas supply. As a result of her induced switch from NIPSCO, after being fooled by Ms. Reynolds and U.S. Energy during door-to-door solicitation, the cost of gas supply in therms is easily demonstrated by Exhibits E and F attached. Exhibits E and F are heating bills from NIPSCO, however, the gas supply described on those bills is U.S. Energy's supply in therms. The following is a summary:

U.S. Energy - December 2007 = 467.80 therms @ $1.14/therm:     $533.29

Had Plaintiff remained with NIPSCO
    December 2007 = 467.80 therms @ $0.72/therm:     <u>- $336.81</u>
    Extra cost to Plaintiff:     $196.47

U.S. Energy - January 2008 = 439.40 therms @ $1.14/therm:     $500.91

Had Plaintiff remained with NIPSCO
    January 2008 = 439.40 therms @ $0.70/therm:     <u>-$307.58</u>
    Extra cost to Plaintiff:     $193.33

Dividing what would have been the total NIPSCO charge of $644.39 for these two months by the total U.S. Energy charges of $1,034.20, the increase is 62%. The actual extra out-of-pocket dollars paid by Plaintiff were $389.80 for only two months!

**ANSWER:** IESC admits that after Plaintiff signed her contract she was supplied natural gas in her home by IESC and lacks sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff discovered her heating bills were 62% higher in the months of January and February 2008 alone, in terms of the gas supply and therefore denies the same. IESC denies that Plaintiff was induced to switch suppliers of natural gas or that she was fooled by IESC or Ms. Reynolds and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of this Paragraph and therefore denies the same. IESC admits that Exhibits E and F purport to be bills from NIPSCO and that the natural gas supplied as reflected in Exhibits E and F is reflected in therms and that those exhibits speak for themselves. IESC denies any allegations that are inconsistent with those exhibits. IESC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies the same.

12. Plaintiff brings this action on behalf of all U.S. Energy customers in Indiana who, within the applicable limitations, purchased the FIXED PRICE program as a direct result of U.S. Energy's fraudulent and deceptive practices.

**ANSWER:** IESC admits that Plaintiff purports to bring this action on behalf of all IESC customers in Indiana who, within the applicable limitations, purchased the FIXED PRICE program, and denies the remaining allegations of this Paragraph and specifically denies any fraudulent or deceptive practices and denies that any action on behalf of a class of customers is proper or permissible.

6

## PARTIES

13.　　Plaintiff, Pamela Tillman, resides at 4720 Magoun Avenue, East Chicago, Indiana and is a citizen of the State of Indiana.

**ANSWER:**　　IESC admits the allegations of this Paragraph.

14.　　Defendant U.S. Energy is a Delaware Corporation and a citizen of the State of Delaware, with its principal executive offices and principal place of business at 8600 W. Bryn Mawr Avenue, Suite 440, Chicago, Illinois.

**ANSWER:**　　IESC admits that Defendant IESC is a Delaware Corporation and a citizen of the State of Delaware. IESC denies the remaining allegations of this Paragraph.

15.　　U.S. Energy advertises on its website that it serves close to 1,000,000 North American customers. As of the end of 2007, it serviced 102,000 customers in the United States according to its published Business Statistics. It has 102,000 long term contracts in Indiana, Illinois, or New York. As stated in ¶11, *supra*, Plaintiff's individual damages for *only two months* were $389.90. If Indiana has 20,000 customers, multiplying $389.90 by 20,000 results in conservative class damages of $7,798,000: well above the jurisdictional amount of the Class Action Fairness Act.

**ANSWER:**　　IESC admits that Energy Savings Group states on its website that it serves close to 1,000,000 North American customers. IESC admits that as of the end of 2007, Energy Savings Group serviced 102,000 customers in the United States according to its published Business Statistics. IESC admits that Energy Savings Group at one time had approximately 102,000 customers in Indiana, Illinois, and New York. IESC denies the remaining allegations of this Paragraph.

## JURISDICTION AND VENUE

16.　　Jurisdiction is appropriate in this Court under 28 U.S.C. § 1332 (as amended), the Class Action Fairness Act and Rule 23 of the Federal Rules of Civil Procedure, as well as 28 U.S.C. § 1332 in that complete diversity between all potential Plaintiffs and Defendant exists and the amount in controversy exceeds $5,000,000.

**ANSWER:**　　IESC admits the allegations of this Paragraph.

17. Venue is proper in this District in accordance with 735 ILCS 5/2-102 and 735 ILCS 5/2-209. The deceptive practices that are the subject matter of this complaint occurred within the U.S. Energy service area which includes portions of Cook County

**ANSWER:** IESC denies the allegations of this Paragraph.

## FACTUAL BACKGROUND

18. U.S. Energy promotes its FIXED PRICE program to U.S. Energy's customers, including Pamela, as a valuable savings of gas for residential use.

**ANSWER:** IESC denies the allegations of this Paragraph.

19. All U.S. Energy materials state that the FIXED PRICE program has saved customers the cost of gas for years (see graphs in attached Exhibits C and D). U.S. Energy's customer service representatives that sell the program (including Ashley Reynolds) tell consumers (including Pamela) that the FIXED PRICE program will lower their cost of gas, whereas U.S. Energy knows that this is not true based upon prior cost differentials between U.S. Energy and the regulated utilities. Just as in the case of Pamela, Defendant's customers pay more for the cost of gas when U.S. Energy enforces the agreements.

**ANSWER:** IESC denies the allegations of this Paragraph.

20. U.S. Energy has been very successful in promoting and selling its FIXED PRICE program to its customers, including Pamela.

**ANSWER:** IESC lacks sufficient knowledge and information to form a belief as to the truth of the allegations of this Paragraph because it is unclear what Plaintiff means by successful and therefore denies the same.

## CLASS ALLEGATIONS

21. Pursuant to 28 U.S.C. § 1332 and Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of similarly situated persons injured by U.S. Energy's unfair and deceptive practices. The class is defined as follows:

> "All consumers in Indiana who paid for the U.S. Energy FIXED PRICE program who were billed for gas after January 1, 2007 resulting in a cost in excess of the utility price they would have paid for gas had they remained with the utility rather than contract with U.S. Energy."

**ANSWER:** IESC admits that Plaintiff purports to bring this action on behalf of a class as defined herein and under the statutes and rules identified herein, but denies that any such class is proper or permissible.

22. The Class members are so numerous that joinder of all members is impractible. While the exact number of Class members is unknown to Plaintiff at this time, it is ascertainable through appropriate discovery. Plaintiff believes that thousands of U.S. Energy customers have been victimized by U.S. Energy's unfair and deceptive practices during the relevant period.

**ANSWER:** IESC denies the allegations of this Paragraph.

23. Questions of law and fact are common to the Class and these common questions predominate over any questions affecting individual members.

**ANSWER:** IESC denies the allegations of this Paragraph.

24. Plaintiff will fairly and adequately protect the interest of the Class.

**ANSWER:** IESC denies the allegations of this Paragraph.

25. Plaintiff's counsel are experienced class-action attorneys. They are currently involved in complex litigation, including class-actions.

**ANSWER:** IESC lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.

26. A class-action is an appropriate method for the fair and efficient adjudication of this dispute.

**ANSWER:** IESC denies the allegations of this Paragraph.

**CONSUMER FRAUD**

27. Plaintiff re-alleges the allegations set forth above.

**ANSWER:** IESC repeats its answers to the allegations set forth above and incorporates the same as if fully set forth herein.

28. This suit is a class-action claim brought under the Indiana Deceptive Consumer Sale Act, 24-5-0.5-1.

**ANSWER:** IESC admits that Plaintiff seeks to bring this suit as a class action claim under the Statute identified herein but denies that any class is proper or permissible.

29. U.S. Energy violated this act by:

   a. making written and oral misrepresentations through its sales representative, Ashley Reynolds, to Pamela at her home, that induced her to contract for U.S. Energy's FIXED PRICE program;

   b. enforcing the agreements made based on these written and oral misrepresentations;

   c. concealing or failing to disclose material facts that would have caused Pamela, a U.S. Energy customer covered by the FIXED PRICE program, to understand that U.S. Energy provided no benefit to her.

**ANSWER:** IESC denies the allegations of this Paragraph.

30. Because of the unconscionable practices of U.S. Energy set forth above, Plaintiff and the Class are entitled to actual damages, in accordance with the cited statute, as U.S. Energy unnecessarily caused consumers, including Pamela, to purchase U.S. Energy's FIXED PRICE program.

**ANSWER:** IESC denies the allegations of this Paragraph.

31. U.S. Energy's deceptive, misleading, unfair or unconscionable practices set forth above were done willfully, wantonly, and maliciously, entitling Plaintiff and the Class to a punitive damage award.

**ANSWER:** IESC denies the allegations of this Paragraph.

WHEREFORE, Defendant Indiana Energy Savings Corp. (d/b/a U.S. Energy Savings Corp.) (incorrectly named herein as U.S. Energy Savings Corporation) respectfully requests that this Court grant judgment in its favor and against Plaintiff and grant such additional relief as the Court deems necessary.

                                      Respectfully submitted,

                                      INDIANA ENERGY SAVINGS CORP.
                                      d/b/a U.S. Energy Savings Corp.

                                  By: _____
                                         One of its attorneys

Martin W. McManaman
Kevin J. Clancy
Ethan F. Hayward
LOWIS & GELLEN, LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
(312) 364-2500

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on August 20, 2008, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing all counsel of record in this case including the following.

| Plaintiff's Counsel | |
|---|---|
| Arthur S. Gold, Esq.<br>GOLD & COULSON<br>11 S. LaSalle St., Suite 2402<br>Chicago, Illinois 60603<br>Fax 312.372.0778<br>asg@gcjustice.com | |

/s/ Kevin J. Clancy